IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SAMUEL JACK KINSEY,**         CASE NO. 2:09-cv-890
                                JUDGE SMITH
    **Petitioner,**             MAGISTRATE JUDGE KEMP

v.

**EDWARD SHELDON, WARDEN,**
**North Central Correctional Institution,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's Return of Writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## I. PROCEDURAL HISTORY

The procedural history of this case is summarized as follows. On September 11, 2007, petitioner was indicted by a Knox County Grand Jury on two counts of sexual battery, two counts of misdemeanor sexual imposition, and one count of misdemeanor voyeurism. A jury found petitioner guilty of two counts of sexual battery and one count of misdemeanor voyeurism. He was given five-year consecutive sentences on the sexual battery convictions, sentenced to a six-month concurrent term on the misdemeanor charge, and classified as a Tier III sexual offender. *See State v. Kinsey*, 2009 WL 33652 (Knox Co. App. January 7, 2009).

Petitioner filed a timely appeal to the Fifth District Court of Appeals. He asserted the following assignments of error:

> I. The defendant's convictions on count one, count three, and count five of the indictment were against the manifest weight of the evidence.
>
> II. The trial court committed plain error when it entered guilty verdicts on count one, count three, and count five of the indictment when the evidence presented by the State of Ohio was insufficient to support a criminal conviction.
>
> III. The trial court erred in imposing the maximum sentences on count one and count three of the indictment and in imposing consecutive sentences.

In a decision dated January 7, 2009, the Court of Appeals overruled all three assignments of error and affirmed the conviction and sentence. *State v. Kinsey*, *supra*.

Proceeding *pro se,* petitioner appealed this decision to the Ohio Supreme Court. In addition to the three issues he raised before the Court of Appeals, he included a fourth assignment of error: "The appeals court erred in allowing a brief to be submitted on appeal by counsel while knowing counsel's conduct fell below the expected standerd [sic] of Appellate attorneys." On June 3, 2009, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. Return of Writ, Exhibits 12-14.

Petitioner also filed an application in the Court of Appeals under Ohio App. R. 26(B), seeking to reopen his appeal on grounds of ineffective assistance of appellate counsel. That application was denied on May 28, 2009, and petitioner did not appeal that decision. Return of Writ, Exhibits 15-17.

On October 13, 2009, petitioner filed the instant petition for a writ of habeas corpus

2

pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds which were raised in the state courts:

> 1. The defendant's convictions on Count One, Count Three, and Count Five of the Indictment were against the manifest weight of the evidence.
>
> 2. The trial court committed plain error when it entered guilty verdicts on count one, count three, and count five of the indictment when the evidence presented by the State of Ohio was insufficient to support a criminal conviction.
>
> 3. The trial court erred in imposing the maximum sentences on count one and count three of the indictment, and in imposing consecutive sentences.
>
> 4. The appeals court erred in allowing a brief to be submitted on appeal by counsel while knowing counsel's conduct fell below the expected standard of Appellate Attorneys.

He also raises four additional grounds which were not presented to the Ohio Supreme Court, all dealing with alleged ineffective assistance of appellate counsel. They deal generally with appellate counsel's failure to present his issues adequately on appeal or to raise specific claims of the ineffective assistance of trial counsel.

It is the position of the respondent that petitioner's first and third claims are not cognizable in federal habeas corpus and that claims two and four are without merit. Respondent also argues that claims five through eight have been procedurally defaulted.

## II. THE FACTS

The facts of this case were summarized in *State v. Kinsey, supra,* in this way:

      The record reveals the charges against appellant involved two teenage female victims, A.D. and N.S. The mother of N.S. recounted that N.S. invited the other girl to her house on June 23, 2007 to stay overnight. Tr. at 194. However, the two girls ended up staying at appellant's residence. According to the testimony of A .D., the two girls initially planned on tent-camping overnight at appellant's property, but came in to sleep in the living room because of the chilly air. Tr. at 228-229. A.D. then recalled waking up to a flash from appellant's cell phone camera; she awoke again later, at which time appellant had placed his finger in her vagina. Tr. at 233-235. N.S. also testified to awaking to appellant rubbing her vaginal area with his hand, under her clothes. Tr. at 267-270. The record further reveals testimony from the sheriff deputies who investigated the incidents, the social workers who assisted the girls and their families following the reports, and the examining physician. Furthermore, a BCI investigator played back the photographic images of female crotch areas found on appellant's cell phone to the jury. Tr. at 143, et seq.

*State v. Kinsey*, 2009 WL 33562, *2.

### III. STANDARD OF REVIEW

Petitioner presented his first four claims to the state courts, and those courts issued rulings on the merits. This Court reviews those rulings under the deferential standard found in the Antiterrorism and Effective Death Penalty Act of 1995. That standard is, explained as follows.

A federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. § 2254(d) provides:

      An application for a writ of habeas corpus on behalf of a person in custody

4

pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States District Court for the Western District of Michigan has summarized this standard as follows:

> [A] decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." [*Williams v. Taylor*, 529 U.S. 362 (2000)] at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal habeas court may not find a state court's adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. Further, the federal habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id*.

*Williams v. Lavigne*, 2006 WL 2524220 (W.D. Michigan August 30, 2006).

### IV. CLAIM ONE

5

In his first claim, petitioner asserts that his convictions were against the manifest weight of the evidence. Respondent correctly notes that this claim raises only issues of state law and is not cognizable in federal habeas corpus, where the only proper ground for relief is that the petitioner is being held in state custody in violation of federal law.

This Court has often addressed the issue of whether a claim by an Ohio inmate that his or her conviction was against the manifest weight of the evidence presents any issue of federal law that may properly be considered in an action filed under 28 U.S.C. §2254. Just recently, in *Norris v. Warden, NCI*, 2010 WL 582623, *9-10 (S.D. Ohio February 11, 2010) (Report and Recommendation by Kemp. M.J.), *adopted* 2010 WL 883847 (S.D. Ohio March 9, 2010), the Court held as follows:

> Petitioner's contention ... that his convictions are against the manifest weight of the evidence fails to present an issue appropriate for federal habeas corpus review. The Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those who have been convicted without enough proof to allow a rational trier of fact to find guilt beyond a reasonable doubt. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir.1983). In the context of a claim alleging a violation of due process, "sufficiency of the evidence" refers to the due process requirement that there be enough evidence introduced in favor of the prosecution for a rational trier of fact to find each element of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. [307 (1979)] at 319. In reviewing a sufficiency of the evidence claim, a federal habeas court must defer to the trier of fact with respect to issues of conflicting testimony, weight of the evidence, and the credibility of the witnesses. *Jackson*, 443 U.S. at 319; *Walker*, 703 F.2d at 969.
>
> However, under Ohio law, a claim that a verdict was against the manifest weight of the evidence-as opposed to one based upon insufficient evidence-requires the appellate court to act as a "thirteenth juror" and review the entire record, weight the evidence, and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created

> such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983); *cf. Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Since a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, any claim that petitioner's conviction was against the manifest weight of the evidence cannot be considered by this Court.

The same reasoning applies here. Consequently, the Court cannot consider the issue raised in petitioner's first claim because it does not present a question of federal law.

## V. CLAIM TWO

Petitioner's second claim is that the evidence was constitutionally insufficient to support convictions on any of the three counts on which the jury returned guilty verdicts. Unlike the manifest weight of the evidence claim, this claim does present a federal constitutional question that is appropriately addressed in a federal habeas corpus action. It is evaluated under the following legal standard.

Before a criminal defendant can be convicted consistent with the United States Constitution, there must be sufficient evidence to justify a reasonable trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). To determine whether the evidence was sufficient to support a conviction, this Court must view the evidence in the light most favorable to the prosecution. *Wright v. West*, 505 U.S. 277, 296, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (citing *Jackson*, at 319). The prosecution is not affirmatively required to "rule out every hypothesis except that of guilt." Id. (quoting Jackson, at 326). "[A] reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume-even if it does not

7

affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " *Id*. (*quoting Jackson*, at 326). For example the trier of fact is entitled to disbelieve a defendant's uncorroborated and confused testimony, and even to discount a defendant's credibility on account of a prior felony conviction. *Id*.

The state court dismissed this claim as lacking merit. First, it recounted the elements of the two crimes of conviction, sexual battery (a violation of Ohio Rev. Code §2907.03(A)(3)) and sexual voyeurism (a violation of Ohio Rev. Code §2907.08(E)), noting that the former statute requires proof of engaging in sexual conduct with another with knowledge that the other person is unaware that the act is being committed, and the latter requires proof that a person has surreptitiously videotaped or photographed another person "under or through the clothing being worn by that other person for the purpose of viewing the body of, or the undergarments worn by, that other person." The court, having summarized the facts of the case as set forth in Section II above, then held that "[u]pon reviewing the evidence in the record before us in the light most favorable to the prosecution, we hold that reasonable triers of fact could have found the essential elements of sexual battery and voyeurism, proven beyond a reasonable doubt." *State v. Kinsey*, 2009 WL 33562, *3.

There is no question that the state court applied the appropriate legal standard. It drew that standard from *State v. Jenks*, 61 Ohio St. 3d 529 (1991), which, in turn, cited to the standard of review announced in *Jackson v. Virginia*. Thus, this Court's review is limited

to a determination of whether the state court unreasonably applied the *Jackson* standard to the facts of this case.

The indictment charged petitioner with sexual battery involving two minors, A.D. and N.S. The voyeurism count did not identify a victim, but alleged that the conduct took place on June 24, 2007, the same date as the alleged sexual batteries.

Both victims testified at trial. A.D., who was fourteen at the time of the trial, testified that she met her friend N.S. on June 23, 2007, at N.S.'s mother's house. At some point during the day, the two of them and other members of N.S.'s family went to petitioner's house. They arrived there late in the afternoon. After swimming and riding go-carts, the girls decided to camp out in his yard. However, the weather turned cold, so they decided to watch a movie indoors. They then went to sleep in his living room.

At some point during the night, A.D. awoke and saw petitioner sitting on the end of the couch on which she was sleeping. She testified that he "had his hand in my pants." His hand was under her underwear and his finger was in her vagina. She told him to stop. At some point, she recalled seeing the flash of a camera. N.S. then told her that she wanted to leave, and N.S. made a call to her mother on petitioner's phone. Both girls returned to N.S.'s home, and, after going back to sleep, told N.S.'s mother in the morning what had happened. A.D. then told both the sheriff's office and children's services about what had occurred at petitioner's house. She did admit on cross-examination that she could not really see the face of her attacker, and that there were two other males in a camper parked in petitioner's yard, but she testified on redirect examination that she was "certain" the

person whose finger was in her vagina was petitioner. Return of Writ, Attachment #4, at 30-67.

N.S. then testified about the events of that day. She told the jury that her mother had previously dated petitioner. She recounted essentially the same version of events as did A.D., and testified that she, too, was awakened when petitioner put his hand on her vagina. At that time, she was sleeping on the floor of his living room and A.D. was asleep on the couch. Petitioner was rubbing the inside of her vagina. She told him to stop and go back to bed. He did stop. She then woke up A.D. and told her she wanted to go home. N.S. did not learn until the next morning that A.D. had experienced a similar incident. She, too, related these events to sheriff's department officers and to children's services. She also testified on redirect that she was sure the person who had touched her was petitioner. *Id.* at 68-107. Both victims also identified photographs of their underwear which were taken with petitioner's cell phone.

Petitioner does not present extensive arguments in support of this claim in his petition. The brief filed on his behalf in the state court of appeals is not much more enlightening. It simply asserts, without citing to any specific part of the record, that "the State of Ohio failed to prove beyond a reasonable doubt each and every element of the offenses of Sexual Battery and Voyeurism." Return of Writ, Exhibit 8.

The testimony of both victims, if believed, clearly established each element of the offense of sexual battery. Both of them stated that they were wakened from sleep by someone touching their vaginas. Each positively identified petitioner as the person who

10

did so. Petitioner admitted at trial that neither victim was his spouse, which is an element of the crime of sexual battery. In determining whether the evidence presented at trial is sufficient to support a conviction, a reviewing court does not "weigh the evidence presented, consider the credibility of witnesses, or substitute [its] judgment for that of the jury." *United States v. Abdullah*, 162 F.3d 897, 902 (6th Cir. 1998). The testimony of a victim about sexual penetration has been held to be sufficient to support a conviction. *See, e.g., United States v. Seymour*, 468 F.3d 378, 388 (2006). Here, the victims not only both testified to the sexual battery and to the fact that petitioner was the person who touched them, but their story was corroborated by evidence from his cell phone, and they repeated the same story to N.S.'s mother, law enforcement officers, and representatives of a children's services agency. Both knew petitioner prior to the events in question. There was no dispute that he was present in his home at the time the events occurred. Both victims were old enough to be able to testify without any challenge to their competence. Under all of the circumstances, the state court of appeals did not misapply the *Jackson* standard in any way, let alone in an unreasonable way. A rational jury could have found from the evidence presented at petitioner's trial (as the jury actually did) that he committed the two sexual batteries as charged in the indictment. Therefore, his second claim is without merit.

## VI. CLAIM THREE

In his third claim, petitioner asserts that the trial court should not have imposed the maximum sentence, five years, on the two sexual battery counts, and that those sentences should not have been run consecutively. His petition does not cite any provision of the

11

United States Constitution that was allegedly violated, however. Moreover, as respondent points out, the brief filed by his appellate attorney argues only that the sentence is reviewable under Ohio law for an abuse of discretion, and it cites only one case, *State v. Adams*, 62 Ohio St. 2d 151 (1980) in support of that assignment of error. No additional substantive argument was presented to the Ohio Supreme Court.

In order to exhaust available state remedies, a petitioner must first fairly present the substance of his federal habeas corpus claims to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982). "The state courts must be provided with a fair opportunity to apply controlling legal principles to the facts bearing upon petitioner's constitutional claims." *Sampson v. Love*, 782 F.2d 53, 55 (6th Cir.1986). A petitioner does not fairly present his claim simply because the necessary facts supporting a federal constitutional claim are present or because the constitutional claim appears to be self-evident. *Haggins v. Warden*, 715 F.2d 1050, 1054 (6th Cir.1983)(citing *Harless*, 459 U.S. at 6, 103 S.Ct. 276). "A petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions employing Constitutional analysis, or state decisions employing Constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.1993)(citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir.1987)). Courts normally require more than a single broad generalization that petitioner was denied a "fair trial" or "due process of law." *Franklin*, 811 F.2d at 326; *Petrucelli v. Coombe*, 735 F.2d 684, 688 (2nd Cir.1984). Petitioner, however, need not "cite book and verse on the federal constitution." *Picard*, 404 U.S. at 277,

92 S.Ct. 509 (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir.1960)). The Sixth Circuit has strictly followed the requirement that petitioner fairly present his federal constitutional claims to the state courts as a precondition to federal habeas review. *Weaver v. Foltz*, 888 F.2d 1097, 1098 (6th Cir.1989).

Here, there is no question that this claim was never presented to the Ohio courts as a federal constitutional claim. No mention of any federal constitutional provision appears in any brief directed to this issue, no federal cases are cited, no state cases relying on federal law are identified, and the issue was argued solely as a question of state law. The Court concludes that to the extent any federal constitutional issue might be presented by the facts underlying claim three, petitioner never gave the state courts the opportunity to rule on that issue.

To the extent that petitioner is asking this Court to rule that the trial court's sentence violated state law, such claim is not appropriate for federal habeas corpus review. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v.. Sowders*, 848 F.2d 735, 738 (6th Cir.1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988). " '[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure' " in considering a habeas

petition. *Id*. (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir.1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988). Claim three therefore provides no basis for habeas corpus relief.

## VII. CLAIM FOUR

In claim four, petitioner asserts that his appellate attorney was constitutionally ineffective in the way that he presented petitioner's claims on appeal. In particular, he notes that the state court of appeals was critical of the brief filed by his attorney, stating that, at least with respect to the manifest weight of the evidence argument, it failed to meet the requirements of Ohio Appellate Rule 16(A)(7). He argues that he was prejudiced because, rather than reject the brief and appoint new counsel who would have filed a brief in compliance with the applicable rule, the court allowed the brief and then decided the issue based on the improper presentation in the brief. Although he did not raise this claim before the state court of appeals in his initial appeal, he did include it in his appeal to the Ohio Supreme Court and in his Rule 26(B) application. Respondent has chosen to address the claim on its merits, arguing that plaintiff suffered no prejudice from counsel's error or that any constitutional violation was harmless.

The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel made errors so

14

> serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 687 (1984); *see also Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Strickland*, at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Id.*, at 697.

The *Strickland* test applies to appellate counsel. *Burger v. Kemp*, 483 U.S. 776 (1987). Defendants appealing their criminal convictions enjoy the same Sixth Amendment right to the effective assistance of counsel on a direct appeal as of right that they have during trial. While appellate counsel is not expected to raise every nonfrivolous issue on direct appeal, counsel is obligated to provide reasonable professional judgment in presenting the

15

appeal. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). As with an ineffective assistance of trial counsel claim, a petitioner must demonstrate that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 696; *Sims v. Livesay*, 970 F.2d 1575, 1579-81 (6th Cir.1992).

The Court agrees with respondent that there is no reasonable probability that the outcome of petitioner's appeal would have been different had his appellate brief complied with the requirements of Ohio Appellate Rule 16(A)(7). The court of appeals thoroughly reviewed the evidence that supported a finding of guilt in connection with the claim that the evidence was constitutionally insufficient. That court was also well aware of the legal standard under which a manifest weight of the evidence claim is reviewed. It specifically rejected that assignment of error not because of any deficiencies in the appellate brief, but because the transcript (which is relatively short) did not provide any support for the claim, stating that "[u]pon review of the record in this case as summarized above, we find the jury did not clearly lose its way and create a manifest miscarriage of justice requiring that appellant's conviction be reversed and a new trial ordered." *State v. Kinsey*, 2009 WL 33652, *2. The court of appeals also held, in the order denying petitioner's Rule 26(B) application, that its "original opinion properly addressed the merits of the manifest weight and sufficiency arguments ... despite our concerns stated therein regarding adherence to App.R. 16(A)(7) by original appellate counsel." Return of Writ, Exhibit 17. This Court likewise concludes that the deficiencies in the appellate brief did not prejudice petitioner, and that

16

there is no likelihood that the state court of appeals would have granted him relief on either his manifest weight or sufficiency of the evidence claims had the brief contained additional citations to the record. Therefore, even if appellate counsel erred, petitioner has not demonstrated prejudice, and the lack of prejudice is fatal to his ineffective assistance of counsel claim raised in claim four.

## VIII.  CLAIMS FIVE THROUGH EIGHT

Claims five, six, seven and eight all assert the ineffective assistance of appellate counsel. These claims were raised in petitioner's Rule 26(B) application, which was denied by the state court of appeals. Petitioner concedes that he did not appeal the denial of that application to the Ohio Supreme Court, and notes that he cannot now do so because no delayed appeal is permitted from the denial of a Rule 26(B) application. Respondent agrees that there is no avenue left for petitioner to seek review of these claims in state court, and argues that they have therefore been procedurally defaulted.

A habeas corpus petitioner is required to give the state courts a full and fair opportunity to rule on his federal constitutional claims. Failing to take advantage of the opportunity to have the state courts conduct a thorough review of those claims by failing to follow the applicable state procedural rules, including the rules governing the timing of appeals, is considered to be a "procedural default." If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v.*

*Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

Here, there is an applicable state procedural rule, Ohio Sup.Ct. Rule of Practice II, Section 2(A)(4)(c), which does not permit delayed appeals in Rule 26(B) proceedings. Petitioner did not comply with that rule. Because of his noncompliance, the state courts were not given the opportunity to enforce the rule. Thus, the first two parts of the *Maupin* test have been satisfied.

18

The rule governing timely appeals to the Ohio Supreme Court is a rule that is strictly followed in practice in Ohio. As this Court held in *Wilson v. Sheets*, 2008 WL 4503027, *11,

> The requirement that all available claims be presented at the first opportunity and the time limits for filing post conviction proceedings and an appeal to the Ohio Supreme Court in Rule 26(B) proceedings serves the state's interests in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. Further, the doctrine of res judicata is stated in unmistakable terms in numerous Ohio decisions and Ohio courts have consistently refused to review claims on the merits under that doctrine.

*Id., citing State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v.. Ishmail*, 67 Ohio St. 2d 16 (1981); *State v. Perry,* 10 Ohio St. 2d 175 (1967).

Petitioner has not offered any excuse for his procedural default. It is his burden to make that showing. *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001). Consequently, the Court cannot find that he has made the required showing of cause and prejudice to overcome that default. *See Wainwright v. Sykes, supra.* Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269. After review of the record, the Court does not deem this to be such a case. Therefore, the Court cannot reach the merits of claims five through eight.

## IX. RECOMMENDED DISPOSITION

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## X. PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                          /s/ Terence P. Kemp
                          United States Magistrate Judge